STATE OF NORTH CAROLINA v. ROBERT LOUIS ROSEBORO

No. 20

(Filed 15 March 1972)

**Criminal Law § 135— imposition of life sentence pursuant to Supreme Court order**

Judgment of life imprisonment imposed on defendant by the superior court pursuant to and in accordance with an order of the N. C. Supreme Court is affirmed.

Justice LAKE dissenting.

APPEAL by defendant from *Jackson, J.,* October 18, 1971 Session of CLEVELAND Superior Court.

*Attorney General Morgan and Assistant Attorney General Mitchell for the State.*

*Chambers, Stein, Ferguson & Lanning, by James E. Ferguson, II, J. LeVonne Chambers and Charles L. Becton for defendant appellant.*

BOBBITT, Chief Justice.

In *State v. Roseboro*, 279 N.C. 391, 183 S.E. 2d 108, filed September 7, 1971, for the reasons there stated by Justice Branch, this Court remanded the cause to the Superior Court

of Cleveland County for the pronouncement of judgment imposing a sentence of life imprisonment. On October 18, 1971, in open court, after due notice and in the presence of defendant and his counsel, Judge Jackson pronounced judgment that defendant be imprisoned for life in the State's prison. Defendant excepted and gave notice of appeal. The questions he attempts to raise by his assignments of error on the present appeal heretofore have been decided adversely to defendant in this cause.

Judge Jackson's judgment, having been entered in strict compliance with our order of September 7, 1971, is affirmed.

Affirmed.

Justice LAKE dissenting.

Following the reversal of our judgment in *State v. Roseboro,* 276 N.C. 185, 171 S.E. 2d 886, by the Supreme Court of the United States, "insofar as it imposes the death sentence," the majority of this Court directed the Superior Court of Cleveland County to bring the defendant again before it and pronounce judgment that the defendant be imprisoned for life in the State's prison. *State v. Roseboro,* 279 N.C. 391, 183 S.E. 2d 108. The superior court has done so. If this be error, as I believe it to be, the responsibility is not that of the superior court. However, neither the direction of this Court nor the mandate of the Supreme Court of the United States can authorize any court of North Carolina to enter judgment imposing a sentence not supported by the verdict of the jury. Having dissented from the above mentioned direction by this Court to the superior court for the reasons stated in my dissenting opinion, filed that day in *State v. Hill,* 279 N.C. 371, 378, 183 S.E. 2d 97, it is my view that the present sentence to imprisonment for life was erroneously imposed and the defendant should be given a new trial.